STATE of Minnesota, Appellant,

v.

**Derrik Leon JILES, Respondent.**

No. A08–1466.

Court of Appeals of Minnesota.

June 23, 2009.

---

Lori Swanson, Attorney General, St. Paul, MN, and James C. Backstrom, Dakota County Attorney, Kevin J. Golden, Assistant County Attorney, Hastings, MN, for appellant.

Lawrence Hammerling, Chief Appellate Public Defender, Ngoc Lan Nguyen, Assistant Public Defender, St. Paul, MN, and Laura K. Valentine, Valentine Law Office P.C., Burnsville, MN, for respondent.

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Considered and decided by TOUSSAINT, Chief Judge; HUDSON, Judge; and HARTEN, Judge.\*

## OPINION

TOUSSAINT, Chief Judge.

Appellant State of Minnesota argues that the district court erred by departing from the mandatory minimum sentence after respondent Derrik Leon Jiles was convicted of illegally possessing a firearm. Because an extended-jurisdiction juvenile (EJJ) adjudication is considered a conviction for purposes of Minn.Stat. § 609.11, subd. 8(b), we reverse and remand.

## FACTS

Respondent is ineligible to possess firearms based upon an EJJ adjudication of second-degree assault involving a firearm in 1998 and a conviction of theft of a motor vehicle in 2001. On March 25, 2008, respondent pleaded guilty to one felony count of felon in possession of a firearm in violation of Minn.Stat. § 609.165, subd. 1(b)(a) (2006).

At the sentencing hearing, the district court, the prosecutor, and defense counsel acknowledged that respondent's conviction carried a five-year mandatory minimum sentence. Nonetheless, the district court found a substantial and compelling basis for a durational departure and sentenced respondent to 34 months in prison. In response, the prosecutor informed the district court that the state had requested a 60–month prison term because one of respondent's underlying offenses involved a firearm, and the statute prohibits durational departures under those circumstances, but the district court did not alter the sentence.

Minn. Const. art. VI, § 10.

## ISSUE

Did the district court err by departing from the mandatory minimum sentence?

## ANALYSIS

 Appellant argues that the district court erred by departing from the mandatory minimum sentence because such a departure was prohibited by section 609.11, subdivision 8(b). Whether a statute "requires a mandatory minimum term of incarceration is a question of statutory construction" that this court reviews de novo. *State v. Bluhm*, 676 N.W.2d 649, 651 (Minn.2004).

Section 609.165, subdivision 1(b)(a), prohibits persons who have been convicted of certain crimes of violence from possessing firearms. These crimes of violence include murder, assault, robbery, kidnapping, and criminal sexual conduct. Minn.Stat. § 624.712, subd. 5 (2006). A person convicted of illegally possessing a firearm under section 609.165 "shall be committed to the commissioner of corrections for not less than five years, nor more than the maximum sentence provided by law." Minn.Stat. § 609.11, subd. 5(b). The use of "shall" establishes that the legislature intended this sentence to constitute a mandatory minimum.

The statute further provides, however, that the court may "on its own motion ... sentence the defendant without regard to the mandatory minimum sentences established by this section if the court finds substantial and compelling reasons to do so." Minn.Stat. § 609.11, subd. 8(a) (2006). Nevertheless, there is an exception providing that the court may not "sentence a defendant without regard to the mandatory minimum sentences established by this section if the defendant previously has been convicted of an offense listed in subdivision 9 in which the defendant used or possessed a firearm or other dangerous weapon." Minn.Stat. § 609.11, subd. 8(b). Second-degree assault is one of the offenses enumerated in subdivision 9. Minn. Stat. § 609.11, subd. 9 (2006). It is undisputed that respondent was adjudicated EJJ for second-degree assault involving a firearm. The "legislature has mandated that courts have no discretion to depart from minimum sentences under those circumstances described in section 609.11, subd. 8(b)." *State v. Sheppard*, 587 N.W.2d 53, 56 (Minn.App.1998), *review denied* (Minn. Jan. 27, 1999).

Respondent argues that the mandatory minimum sentence does not apply to him because his second-degree assault EJJ adjudication does not qualify as a conviction. He claims that while the EJJ adjudication disqualifies him from possessing a firearm under Minn.Stat. § 624.713, subd. 1(b) (2006), it is not a conviction for purposes of section 609.11, subdivision 8(b). According to respondent, it was within the district court's discretion to sentence him to a durational departure based on "substantial and compelling reasons."

But Minn.Stat. § 260B.245, subd. 1 (2006), provides: "An extended jurisdiction juvenile conviction shall be treated in the same manner as an adult felony criminal conviction for purposes of the Sentencing Guidelines." Despite respondent's argument to the contrary, EJJ adjudications are considered convictions for purposes of sentencing. Although the mandatory minimum sentence at issue in this case is found in a statute and not in the sentencing guidelines, there is no compelling reason for treating the statute differently from the guidelines. In addition, the EJJ statute, Minn.Stat. § 260B.130, subds. 4, 5 (2006), does not seem to distinguish between "adjudication" and "conviction" or indicate a step that must occur before an "adjudication" becomes a "conviction."

Lastly, section 624.713, subdivision 1(b), provides that "a person ... *convicted* as an extended jurisdiction juvenile for committing ... a crime of violence" is prohibited from possessing a firearm. (Emphasis added.) Because section 624.713 refers to an EJJ adjudication as a conviction, an EJJ adjudication also qualifies as a conviction under section 609.11, subdivision 8(b).

## DECISION

Respondent was ineligible to possess a firearm following an EJJ adjudication of second-degree assault with a firearm. Because EJJ adjudications qualify as convictions under Minn.Stat. § 609.11, subd. 8(b), the district court erred by not imposing the mandatory minimum sentence found in Minn.Stat. § 609.11, subd. 5(b).

**Reversed and remanded.**