# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3796

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ewell Dennis Nash, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted: October 21, 2010
Filed: December 7, 2010

———————

Before MURPHY, BEAM, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

A jury convicted Ewell Dennis Nash of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Determining that Nash had three prior convictions that were predicate offenses under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the district court[1] designated Nash an armed career criminal subject to the mandatory minimum fifteen-year sentence of 18 U.S.C. § 924(e). The court sentenced him to 260 months imprisonment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Nash challenges the judgment on three grounds: (1) his 1995 adjudication for First Degree Criminal Sexual Conduct under Minnesota's Extended Juvenile Jurisdiction (EJJ) is not a predicate offense under 18 U.S.C. § 924(e); (2) this court lacks jurisdiction because his possession of the gun fails to establish a sufficient connection to interstate commerce; and (3) the sentence is substantively unreasonable.

This court reviews *de novo* a district court's determination that a defendant's prior conviction constitutes a violent felony under the ACCA. *United States v. Boaz*, 558 F.3d 800, 806 (8th Cir. 2009). The ACCA imposes a mandatory minimum fifteen-year sentence if a defendant violates 18 U.S.C. § 922(g)(1) and thus is a felon in possession of a firearm, "and has three previous convictions . . . for a violent felony." **18 U.S.C. § 924(e)(1)**. A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that also satisfies the other statutory requirements. **18 U.S.C. § 924(e)(2)(B).** Generally, for a conviction to be a "violent felony" under the ACCA, it must be an adult conviction. *Id*. Acts of juvenile delinquency are violent felonies only if they involve the use or possession of a firearm, knife, or destructive device, which would be punishable by a term exceeding one year if committed by an adult, and otherwise meet § 924(e)'s definition of violent felony. *Id.* This juvenile provision is inapplicable here because a weapon was not involved in the 1995 incident. Nash concedes that he has two prior convictions that are predicate offenses under the ACCA. He also agrees that his 1995 adjudication for First Degree Criminal Sexual Conduct would be a violent felony if he had committed the offense as an adult. Nash argues, however, that contrary to the finding of the district court, his 1995 EJJ adjudication is not a conviction within the meaning of the ACCA.

In 1995, when he was 16, Nash was adjudicated under Minnesota's EJJ procedure for his involvement in a group rape. Conceived to give "one last chance at success in the juvenile system, with the threat of adult sanctions as an incentive not

to reoffend," Minnesota's EJJ is one of three possible dispositions for juvenile offenders. *State v. Garcia*, 683 N.W.2d 294, 300 (Minn. 2004) (citations omitted). Unique to the EJJ process:

> If an extended jurisdiction juvenile prosecution results in a guilty plea or finding of guilt, the court shall: (1) impose one or more juvenile dispositions under section 260B.198; and (2) *impose an adult criminal sentence*, the execution of which shall be stayed on the condition that the offender not violate the provisions of the disposition order and not commit a new offense.

**Minn. Stat. § 260B.130, subd. 4(a) (2010)** (emphasis added)[2]. Under the EJJ, Nash received a stayed adult sentence of 129 months (and if he had successfully completed probation, the sentence would never have been imposed). Nash's EJJ probation, however, was revoked and the stayed adult sentence executed.

Whether an EJJ adjudication followed by the revocation of probation and execution of an adult sentence is a predicate conviction under the ACCA is a matter of first impression for this court. State law determines what constitutes a conviction. *See* **18 U.S.C. § 921(a)(20)** ("What constitutes a conviction of [a violent felony] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.").

Rejecting Nash's central argument, Minnesota courts have ruled that an EJJ adjudication is a conviction. *See State v. Jiles*, 767 N.W.2d 27, 29 (Minn. Ct. App. 2009). In *Jiles*, a defendant with a prior EJJ adjudication for second-degree assault was later convicted of being a felon in possession of a firearm in violation of Minnesota law. *Id.* at 28. The Minnesota Court of Appeals held that Jiles's EJJ

---

[2]Nash's EJJ adjudication was in 1995, before the renumbering (irrelevant here) of the juvenile delinquency statutes.

adjudication was a conviction for purposes of a five-year mandatory minimum statute. *Id.* at 30. Similar to the ACCA, the statute in *Jiles* imposed a mandatory minimum sentence on a defendant who had certain predicate offenses, including a conviction for second-degree assault for which Jiles was adjudicated under the EJJ. *Id.* at 29.

Faced with an analogous question–whether an EJJ adjudication is a predicate criminal conviction– the *Jiles* court noted that Minn. Stat. § 260B.245, subd. 1 (2006) provides: "An extended jurisdiction juvenile conviction shall be treated in the same manner as an adult felony criminal conviction for purposes of the [Minnesota] Sentencing Guidelines." Acknowledging that the mandatory minimum at issue was found in a statute and not in the sentencing guidelines, the court still applied the rule to the statutory language. *Id.* Consistent with the language in Minn. Stat. § 260B.245, subd. 1 (2006), the court held that a defendant's EJJ adjudication was a conviction that qualified as a predicate offense. Although the court was considering a different statute (Minnesota state law) and a different predicate offense (possession of a firearm), its holding–a defendant's EJJ adjudication is a conviction qualifying as a predicate offense–is decisive in this case.

The Minnesota Court of Appeals has reaffirmed the reasoning of *Jiles*, holding that an EJJ adjudication was a prior conviction for purposes of calculating the qualifying predicate offenses under a different mandatory-minimum statute. *See State v. Cerna*, No. A09-1992, 2010 WL 1968049, at *1-4 (Minn. Ct. App. May 18, 2010) (unpublished). After *Jiles* and *Cerna*, Nash's argument that someone "adjudicated" under the EJJ has not been "convicted" of "any crime punishable by imprisonment for a term exceeding one year" is unsustainable. Nash's EJJ adjudication is an adult conviction of a violent felony and thus is a predicate offense under the ACCA.

Next, Nash appeals the district court's denial of his motion to dismiss the indictment for lack of federal jurisdiction, arguing that, under *United States v. Lopez*, 514 U.S. 549 (1995), the federal government does not have constitutional authority

to penalize his conduct because his possession of the gun is not sufficiently linked to interstate commerce. This court reviews federal constitutional questions *de novo*. *United States v. Johnson*, 56 F.3d 947, 953 (8th Cir. 1995). Responding to a report of an armed man in a local deli (and after a brief pursuit), police officers apprehended Nash. A handgun was found tucked into his waistband, resulting in the charges at issue here. Satisfying the interstate commerce element of 18 U.S.C. § 922(g) requires only "the minimal nexus that the firearm have been, at some time, in interstate commerce." *United States v. Carter*, 270 F.3d 731, 735 (8th Cir. 2001), *quoting Scarborough v. United States*, 431 U.S. 563, 575 (1977). A firearm manufactured in a state other than the one in which it was found provides a sufficient relationship to interstate commerce. *See United States v. Rankin*, 64 F.3d 338, 339 (8th Cir. 1995) (the government's evidence that a sawed-off shotgun possessed by a felon in Missouri was manufactured in New York satisfied § 922(g)(1)'s interstate commerce nexus). Because the firearm Nash possessed in Minnesota was manufactured in Massachusetts, there is a sufficient interstate nexus to provide federal jurisdiction.

Finally, Nash contends that his 260-month sentence for possessing a firearm in a deli is unreasonable. This court reviews sentences first for significant procedural error, and if there is none, for substantive reasonableness. *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). Nash challenges only the substantive reasonableness of his sentence, which this court reviews under a deferential abuse of discretion standard. *Id.*

According to Nash, the district court gave too much weight to his extensive criminal history and the need to protect the public, and too little weight to the nonviolent nature of his offense, his troubled childhood and his history of substance abuse. The district court is not required to mechanically recite the 18 U.S.C. § 3553(a) factors, but the record must be clear that it actually considered them when imposing a sentence. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Review of Nash's sentencing transcript confirms that the district court

-5-

balanced his ongoing criminal behavior with statements (about his desire to change) by Nash, his friends and his family. In terms of the relevant factors, the court did not abuse its discretion.

Nash also claims that his sentence creates an unwarranted sentencing disparity between himself and other similarly-situated felons in possession of firearms whose cases are handled in state court, where the sentence may have been lighter. Such a claim has been rejected by this court; in fact, the district court would have erred to consider potential federal/state sentencing disparities under § 3553(a)(6). *See United States v. Deegan*, 605 F.3d 625, 635 (8th Cir. 2010) (noting that any consideration of the disparity between a sentence actually imposed in federal court and the sentence that could have been imposed in state court contradicts the well-settled proposition that "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), refers only to disparities among federal defendants). *See also United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006) ("Unwarranted sentencing disparities among federal defendants remains the only consideration under § 3553(a)(6)–both before and after *Booker*."). In the end, the court sentenced Nash to 260 months imprisonment–the middle of his advisory guidelines range. Absent an abuse of discretion, of which there is none here, a sentence within the guidelines range is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Given Nash's violent and extensive criminal history, as well as the district court's consideration of the sentencing factors, the imposed sentence is substantively reasonable.

The judgment of the district court is affirmed.

_____