# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-4044
_____

United States of America

*Plaintiff - Appellee*

v.

Marlon Terrell Collins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: November 18, 2013
Filed: December 5, 2013
[Unpublished]
_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.
_____

PER CURIAM.

Marlon Terrell Collins appeals the sentence he received after pleading guilty to conspiracy to distribute 500 grams or more of cocaine powder and 8 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district

court[1] imposed a within-Guidelines-range sentence of 246 months, which was also within the range contemplated in Collins's plea agreement. On appeal, his counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning the substantive reasonableness of Collins's sentence, suggesting that the court did not properly consider the 18 U.S.C. § 3553(a) statutory sentencing factors, and arguing that the sentence imposed was greater than necessary to accomplish the goals of federal sentencing. Collins submitted a pro se supplemental brief raising substantially similar issues. Finding no abuse of discretion, we affirm.

I.

In September 2010, officials learned that Collins was obtaining narcotics in Arizona and arranging for their shipment with FedEx to Minnesota. Officials placed Collins under surveillance and observed him sending a package to an address in Minnesota. Officials intercepted the package, used a drug-sniffing dog to detect the presence of drugs, and eventually discovered 8.13 kilograms of marijuana and 1.48 kilograms of cocaine inside. Collins was arrested in Minnesota, and he later entered into a plea agreement with the United States.

The plea agreement and pre-sentence report both state that Collins's criminal history was category VI and his offense level was 34, which included a three-level adjustment for acceptance of responsibility. Collins had two previous federal convictions and was on supervised release at the time of his arrest. Collins's resulting guideline range was 262–327 months' imprisonment. During the sentencing hearing, the government requested a sentence of 296 months and Collins requested 120 months, the mandatory minimum sentence. The district court imposed a sentence of 264 months. On appeal, Collins argues that the district court did not take into account

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

all of the § 3553(a) factors, gave insufficient weight to the effects of Collins's difficult upbringing, and ignored the remorse he expressed at the sentencing hearing.

II.

We use an abuse-of-discretion standard when reviewing sentences for substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). "[S]ubstantive appellate review in sentencing cases is narrow and deferential. . . . [I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (internal quotation marks omitted). On appeal, a circuit court can presume that a sentence within the guidelines range is reasonable. United States v. Nash, 627 F.3d 693, 697 (8th Cir. 2010) (citing Rita v. United States, 551 U.S. 338, 347 (2007)). The district court abuses its discretion when it, among other things, "fails to consider a relevant factor that should have received significant weight." Feemster, 572 F.3d at 461 (internal quotation marks omitted).

After a careful, independent review of the record under Penson v. Ohio, 488 U.S. 75, 82–83 (1988), we conclude that the district court properly weighed appropriate sentencing factors and imposed a substantively reasonable sentence. The pre-sentence report described Collins's personal background, including a troubled childhood and absence of a father figure. During Collins's sentencing hearing, Collins's attorney again presented this information to the court, and Collins expressed his remorse for having committed the offense and apologized to his family. The district court addressed the early challenges Collins faced, stating: "[I]t's very hard to come from the sort of background that you did. . . . There's no question at all that this—that's a tough way to start out in life."

The district court based Collins's sentence on his likelihood of recidivism, demonstrated by Collins's previous drug convictions and the fact that he continued to commit crimes while on supervised release. The district court acknowledged the fact that the advisory guidelines range was high for a third offense, stating: "[T]he fact that the career offender guidelines are so much higher makes sense if you think about [it] . . . You know you do it, you do it again, you do it again. Sort of makes you think, . . . from the point of view of community safety and the likelihood that the person is really going to turn their life around and take advantage of the things that we're offering you, you know, it's just not a good sign." Weighing Collins's likelihood of recidivism and the serious nature of his offenses over Collins's personal characteristics and background was within the court's discretion. See United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011).

## III.

The district court properly calculated the advisory Guidelines range for Collins, took into account Collins's § 3553(a) factors, and sentenced Collins within a range prescribed by the Guidelines. We conclude that the sentence imposed was not substantively unreasonable. We affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____