# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2695

_____

United States of America

*Plaintiff - Appellee*

v.

Marchello Rembert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: January 13, 2017
Filed: March 23, 2017

_____

Before LOKEN, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Marchello Rembert appeals from his conviction and sentence on charges of firearm possession and possession of crack cocaine with intent to distribute. He

challenges the admission of a Facebook video at trial, as well as the district court's[1] application of the career-offender enhancement at sentencing.  We affirm.

## I.    BACKGROUND

In June 2015, while responding to a complaint of disorderly conduct, Waterloo Police recognized Rembert at the scene as a passenger in an SUV.  An officer arrested Rembert on an active warrant and during a search incident to arrest, located a large "wad" of money and individually wrapped clear plastic baggies containing a white substance believed to be crack cocaine.  Before being placed in the police vehicle, Rembert spoke to the driver of the SUV, Trisha Millard.  In that conversation, Rembert told Millard that the officer found crack in Rembert's pocket.

Once Rembert was secured in the police vehicle, the officer approached Millard who had returned to her vehicle.  When Millard told the officer she had a bottle of alcohol in the car, the officer asked Millard to exit the vehicle.  Millard told the officer there was a firearm in the SUV and that she had a license to carry a pistol. A search of the SUV revealed a firearm under the driver's seat, marijuana in the console, a marijuana blunt in the ashtray and loose marijuana throughout the vehicle. There were two latent prints on the firearm, one of which matched Rembert's left index finger and was located on the left side of the firearm above the front edge of the trigger guard.

As part of the investigation, police examined Rembert's Facebook page and obtained a video, posted by Rembert in January 2013, depicting Rembert holding a firearm in his left hand with his left index finger on the trigger guard (almost identical positioning to the left index fingerprint recovered from the pistol), rapping, and

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

smoking what looks like a marijuana blunt. The video included a caption that read "Real thugz 'bout dat, get at me. Bang, bang!!!!!!!!!!!!!" The government filed a pretrial motion seeking the admission of this video, claiming it went to "knowledge, intent, absence of mistake, and lack of accident." Rembert objected to the admission of the video altogether and additionally argued that *if* the district court admitted the video, at the very least the caption should be redacted. The government explained that it could not redact the caption without also redacting the information indicating that Rembert posted the video and the date and time it was posted, and further suggested that if Rembert would stipulate that he posted the video to his Facebook page, the government would redact all of the information. At trial the district court admitted the video with the caption in place.

A jury convicted Rembert on all charges. At sentencing the district court sentenced Rembert to a total term of imprisonment of 210 months, in part based on the application of a career-offender enhancement that relied upon a previous revocation of an extended juvenile jurisdiction charge to support one of the "adult convictions" underlying the enhancement. Rembert appeals, challenging the admission of the video and the use of his juvenile charge revocation to support the career-offender enhancement.

## II.    DISCUSSION

### A.    Admission of Facebook Video

A district court's ruling under Federal Rule of Evidence 404(b) is reviewed for an abuse of discretion. United States v. Turner, 583 F.3d 1062, 1065 (8th Cir. 2009). A district court's admission of prior act evidence will be reversed "only when such evidence clearly ha[s] no bearing on the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v.

Benitez, 531 F.3d 711, 716 (8th Cir. 2008). The district court did not abuse its discretion in admitting the Facebook video in this case.

Rembert challenges what he claims to be the government's "all or nothing" approach with the admission of the Facebook video. He claims that the imagery presented to the jury was highly prejudicial and had no probative value at trial, focusing especially on the prejudice he claims occurred by playing the entire video. The government indicated prior to trial that it intended to introduce the Facebook video to establish that Rembert's touching of the firearm discovered in the vehicle was not accidental, as the placing of the fingerprint was consistent with how Rembert generally (and uniquely) held a firearm. Rembert agrees that the video might show how he holds a firearm but claims the other aspects of the video were highly prejudicial and irrelevant, including the foul language he uses and the caption of the video. It is the latter two aspects–the sound and the caption–that Rembert claims the government should have omitted. He claims only images from the video were necessary to establish the government's point and that he should not be prejudiced because of the government's technical inability to remove the caption separate from the date stamp on the video.

The video at issue was relevant on many fronts, and the potential prejudice of the video does not substantially outweigh its probative value. In order to convict Rembert, the government had to show that he possessed the firearm because he either "knowingly ha[d] direct physical control over [the firearm]," or because he "ha[d] both the power and the intention at a given time to exercise dominion or control over [the firearm]." Eighth Circuit Model Jury Instruction 8.02. "Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006). Here, the video images are additionally probative of Rembert's knowing and intentional possession of the firearm found in the vehicle. The handling of the firearm in the video was nearly identical to the manner in which Rembert would have handled the

-4-

firearm found in the vehicle based upon the placement of his prints. His left index fingerprint was found in a specific place, the same area where he is previously seen holding a firearm (or firearm-like object) in the video. Too, this video was not overly remote in time to the crime charged. United States v. Bassett, 762 F.3d 681, 687 (8th Cir. 2014) (admitting evidence of a robbery "similar in kind" that occurred about eleven years prior to the charged offense).

Rembert does not articulate how his use of foul language and the video's caption make the video unfairly prejudicial. The words used on the video are to a rap song, not his own, and the caption does not otherwise associate Rembert with any specific category of behavior. It is also important to note that the government offered to omit the caption of the video if Rembert had stipulated that he was the one who posted it, and that he was the one depicted in the video, but Rembert did not stipulate to those conditions. Finally, the district court also gave a limiting instruction regarding the video, which serves as a protection against unfair prejudice. Id. at 688. Certainly the government *could* have isolated images from the video to show the key images of Rembert needed to prove his knowing and intentional possession of the firearm, and possibly, in hindsight, the playing of the entire video was surplusage. No matter, however, the viewing of the Facebook video in its entirety was not unfairly prejudicial and the district court did not abuse its discretion in allowing the video in evidence.[2] Benitez, 531 F.3d at 716.

---

[2]We have likewise considered Rembert's argument submitted in his pro se brief concerning the admission of evidence regarding the name and nature of a prior drug conviction and the calculation of his sentence by the district court in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and find them to be without merit. The evidence of Rembert's prior drug conviction was not presented for purposes of proving his status as a felon, but rather to show his intent to distribute crack cocaine, an element of the charge in count 2. United States v. Armstrong, 782 F.3d 1028, 1034 (8th Cir. 2015) (providing evidence of a prior drug conviction is relevant to show a defendant's knowledge or intent to commit a current crime); United States v. Jandreau, 611 F.3d 922, 924 (8th Cir. 2010). And, the district court properly applied

## B.     Career-Offender Enhancement

This court reviews de novo a district court's determination that a conviction is a crime of violence under the Guidelines.  United States v. Maid, 772 F.3d 1118, 1120 (8th Cir. 2014).  An individual is subject to the career-offender enhancement if he or she is convicted of two felonies that qualify either as a "crime of violence" or a controlled substance offense.  U.S.S.G. § 4B1.1.  One of Rembert's prior felonies the district court relied upon in applying the career-offender enhancement in this case was a juvenile conviction for aiding and abetting first-degree robbery that was later revoked and classified as an adult conviction.  Rembert argues that the revocation of his Extended Juvenile Jurisdiction (EJJ) for Minnesota aggravated robbery does not constitute an "adult conviction" for purposes of the career-offender enhancement.  He acknowledges that this argument is foreclosed by United States v. Nash, 627 F.3d 693 (8th Cir 2010), but urges that Nash was wrongly decided and should be overruled.

Minnesota's process of EJJ was detailed by this court in Nash.  Id. at 695. Upon revocation of an EJJ case and the imposition of the adult sentence, as happened with Rembert:

> the offender's extended jurisdiction status is terminated and juvenile
> court jurisdiction is terminated.  The ongoing jurisdiction for any adult

the Guidelines at sentencing.  Beckles v. United States, No. 15-8544, 2017 WL 855781, at *9  (U.S. Mar.  6, 2017) (concluding that the Guidelines are not subject to a vagueness challenge under the Fifth Amendment Due Process Clause and, more specifically, that the vagueness holding in Johnson does not apply to the career-offender provisions of the Guidelines);  United States v. Maxwell, 823 F.3d 1057, 1060-62 (7th Cir.) (holding that a conviction for simple robbery under the Minnesota statute is a crime of violence under U.S.S.G. § 4B1.2(a)(1)), cert. denied, 137 S. Ct. 401 (2016).

sanction, other than commitment to the commissioner of corrections, is with the adult court.

Minn. Stat. § 260B.130, subd. 5. The Minnesota Court of Appeals has held on multiple occasions that an EJJ adjudication constitutes an adult conviction. State v. Jiles, 767 N.W.2d 27, 29 (Minn. Ct. App. 2009). According to Nash, once EJJ is revoked, the defendant is thus no longer in juvenile court and the resulting EJJ adjudication is a predicate conviction under the Armed Career Criminal Act. 627 F.3d at 696. Thus, the district court correctly held that the revocation of Rembert's EJJ constituted a felony for purposes of the career-offender enhancement in this case. Nash remains the law of this circuit. United States v. Meeks, 639 F.3d 522, 529 (8th Cir. 2011) ("As one panel of this Court cannot overturn the decision of another panel of the Court, we reject [the defendant's] challenge as well.").

## III.  CONCLUSION

For the reasons stated herein, we affirm.

_____