# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1369

_____

United States of America

*Plaintiff - Appellee*

v.

David Andrew Nathaniel Madden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 6, 2019
Filed: November 8, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

David Madden appeals after a jury found him guilty of a robbery offense, and the district court[1] sentenced him to 70 months in prison. Madden argues that the

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

district court improperly admitted evidence at trial and that the verdict was "against the weight of the evidence."

We conclude that the district court did not abuse its discretion in admitting, under Federal Rule of Evidence 404(b), text messages referring to alleged past drug transactions.  See Fed. R. Evid. 404(b) (evidence of crime, wrong, or other act is not admissible to prove defendant's character to show he acted in accordance with character; it may be admitted to prove, inter alia, intent or knowledge); United States v. Rembert, 851 F.3d 836, 839 (8th Cir. 2017) (Rule 404(b) ruling is reviewed for abuse of discretion and will be reversed only when evidence clearly has no bearing on issues in case and was introduced solely to prove defendant's propensity to commit criminal acts); see also United States v. Franklin, 250 F.3d 653, 658 (8th Cir. 2001) (Rule 404(b) evidence is admissible if it is relevant to material issue, proved by preponderance of evidence, higher in probative value than in prejudicial effect, and similar in kind and close in time to crime charged).

We ascertain no error in the district court's admission, under Federal Rule of Evidence 801(d)(2)(E), of text messages between the co-defendant and a third person regarding the instant robbery offense.  See Fed. R. Evid. 801(d)(2)(E) (statement made by party's co-conspirator during and in furtherance of conspiracy is not hearsay); United States v. Mayfield, 909 F.3d 956, 961 (8th Cir. 2018) (district court's Rule 801(d)(2)(E) fact finding is reviewed for clear error, and decision to admit or exclude statement is reviewed for abuse of discretion), cert. denied, 139 S. Ct. 2628 (2019); see also United States v. Torrez, 925 F.3d 391, 395 (8th Cir. 2019) (to admit statements under Rule 801(d)(2)(E), government must show (1) that conspiracy existed; (2) that defendant and declarant were members of conspiracy; and (3) that declaration was made during course and in furtherance of conspiracy).

We also conclude that the district court did not abuse its discretion in admitting expert testimony by a law enforcement officer.  See United States v. Schwarck, 719

F.3d 921, 923-24 (8th Cir. 2013) (admission of expert testimony is reviewed for abuse of discretion; district court may permit law enforcement officer to give expert testimony concerning modus operandi of drug dealers; expert testimony permissibly explained significance of evidence that would not be familiar to average jurors).

Finally, we conclude that the evidence was sufficient to support Madden's conviction.  See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (sufficiency of evidence to sustain conviction is reviewed de novo, viewing evidence in light most favorable to verdict, and giving verdict benefit of all reasonable inferences).

Accordingly, we affirm.

_____