## United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2788
_____

United States of America

*Plaintiff - Appellee*

v.

Seth Robert Ronning

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 14, 2021
Filed: July 29, 2021
_____

Before SMITH, Chief Judge, SHEPHERD and GRASZ, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Seth Ronning pled guilty to one count of being a felon in possession of a firearm. The district court[1] found the Armed Career Criminal Act (ACCA) applicable in Ronning's case and sentenced Ronning to 180 months imprisonment.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Ronning appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Ronning, a Native American, pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The superseding indictment alleged an offense date of September 20, 2017, and alleged that Ronning was an armed career criminal under the ACCA, 18 U.S.C. § 924(e), based on the following predicate convictions: (1) conviction in Douglas County, Wisconsin, on September 13, 2010, for armed robbery; (2) conviction in Carlton County, Minnesota, on October 21, 2009, for aggravated first-degree robbery; (3) conviction in St. Louis County, Minnesota, on October 8, 2009, for aggravated first-degree robbery. The presentence investigation report (PSR) suggested that the ACCA applied in Ronning's case and identified five prior state convictions as qualifying predicate convictions under the ACCA: the three convictions listed in the superceding indictment and two additional convictions for aggravated first-degree robbery in St. Louis County, Minnesota, on October 8, 2009. All of the convictions occurred when Ronning was between 14 and 17 years of age.

At sentencing, the district court calculated Ronning's United States Sentencing Guidelines (USSG) offense level as 30 and his criminal history category as VI, which yielded a sentencing range of 180-210 months. However, the district court ruled that the five convictions described above qualified as predicate convictions under the ACCA and found Ronning to be an armed career criminal subject to the mandatory minimum 180-month sentence under 18 U.S.C. § 924(e). Ronning objected to his classification as an armed career criminal, raising constitutional challenges to the ACCA and arguing that his Wisconsin conviction did not qualify as an ACCA predicate offense. Ronning also asked the district court to give him credit for time served in state custody on a prior state conviction. The district court overruled Ronning's objections, denied his request for credit against his sentence, and sentenced Ronning to the ACCA mandatory-minimum 180 months imprisonment, to be followed by 5 years of supervised release.

On appeal, Ronning contends that the district court erroneously sentenced him as an armed career criminal because (1) the ACCA violates his equal protection rights because it is applied unequally and has a disparate impact on non-white defendants and juveniles; and (2) his Wisconsin conviction does not qualify as an ACCA predicate conviction because the Wisconsin armed robbery statute can be satisfied without the use of force and the conduct underlying the conviction was part of a single course of conduct concurrent with the conduct underlying his 2010 Carlton County, Minnesota conviction. Ronning further contends that the district court erred in not crediting his federal sentence with time served in state custody as a result of a prior state court revocation.

Ronning first argues that it was error to sentence him under the ACCA because the ACCA violates his equal protection rights rooted in the Due Process Clause of the Fifth Amendment. See Bolling v. Sharpe, 347 U.S. 497, 498-99 (1954). Specifically, he contends that the ACCA has a disparate impact on non-white defendants like him, asserting that statistically, far more non-white than white defendants are sentenced under the ACCA. He further argues that defendants with juvenile convictions and adjudications are not treated equally under the ACCA. "We review federal constitutional questions de novo." United States v. Jones, 574 F.3d 546, 553 (8th Cir. 2009) (citation omitted) (considering Eighth Amendment challenge to ACCA). Ronning's constitutional claims are without merit. The Supreme Court has made clear that disparate impact alone is insufficient to show an equal protection violation; instead, proof of discriminatory intent or purpose is required. Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 272 (1979); Washington v. Davis, 426 U.S. 229 (1976); City of Cuyahoga Falls v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003); see also United States v. Farmer, 73 F.3d 836, 841 (8th Cir. 1996) ("[D]isparate impact is not sufficient to show a constitutional violation. The Equal Protection Clause of the Fourteenth Amendment is not violated absent invidious or discriminatory purpose." (citations omitted)). Ronning has not presented any proof of a discriminatory intent or purpose in the enactment of the ACCA or its application to his case either before the district court or this Court. Accordingly, his claim fails. Nevertheless,

Ronning asks that we disregard the requirement that he present evidence of a discriminatory intent or purpose, arguing that this "standard is outdated and ill-suited to combat systemic racism and pervasive white supremacist institutions in the criminal justice system." Appellant Br. 12. We reject this invitation as we are bound to follow the pronouncements of the Supreme Court and our prior cases. Union Pac. R.R. Co. v. 174 Acres of Land Located in Crittenden Cnty., 193 F.3d 944, 946 (8th Cir. 1999); United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (citation omitted)).

As to Ronning's claim regarding differing treatment of juvenile convictions, Ronning's predicate convictions do not include any "acts of juvenile delinquency" under the ACCA. Ronning was certified as an adult in his Carlton County, Minnesota prosecution, and his St. Louis County, Minnesota convictions were entered pursuant to Minnesota's Extended Juvenile Jurisdiction (EJJ) designation. Minn. Stat. § 260B.130. EJJ was "[c]onceived to give 'one last chance at success in the juvenile system, with the threat of adult sanctions as an incentive not to reoffend.'" United States v. Nash, 627 F.3d 693, 695 (8th Cir. 2010) (quoting State v. Garcia, 683 N.W.2d 294, 300 (Minn. 2004)).

> If an extended jurisdiction juvenile prosecution results in a guilty plea or finding of guilt, the court shall: (1) impose one or more juvenile dispositions under section 260B.198; and (2) impose an adult criminal sentence, the execution of which shall be stayed on the condition that the offender not violate the provisions of the disposition order and not commit a new offense.

Minn. Stat. § 260B.130, subdiv. 4(a)(1)-(2). We have held that an "EJJ adjudication is an adult conviction of a violent felony and thus is a predicate offense under the ACCA." Nash, 627 F.3d at 696. Accordingly, Ronning's arguments with respect to the ACCA's treatment of acts of juvenile delinquency fail.

Next, Ronning contends that his Wisconsin robbery conviction does not qualify as an ACCA predicate offense. We review de novo the district court's determination that a prior conviction constitutes a predicate offense under the ACCA. United States v. Boaz, 558 F.3d 800, 806 (8th Cir. 2009).

> The ACCA imposes a mandatory minimum fifteen-year sentence if a defendant violates 18 U.S.C. § 922(g)(1) and thus is a felon in possession of a firearm, "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that also satisfies the other statutory requirements. 18 U.S.C. § 924(e)(2)(B). Generally, for a conviction to be a "violent felony" under the ACCA, it must be an adult conviction. Id. Acts of juvenile delinquency are violent felonies only if they involve the use or possession of a firearm, knife, or destructive device, which would be punishable by a term exceeding one year if committed by an adult, and otherwise meet § 934(e)'s definition of violent felony. Id.

Nash, 627 F.3d at 695 (alteration in original). Ronning asserts his Wisconsin conviction is not a predicate offense because Wisconsin's armed robbery statute can be violated without the use of a firearm, knife, or destructive device. He further asserts that his Wisconsin conviction was part of a single course of conduct with that conduct upon which his Douglas County, Minnesota aggravated robbery conviction was based and that they should be treated as one conviction. However, even if we agreed with Ronning's contentions, the ACCA would still apply to his case. Even without counting the Wisconsin conviction, Ronning is left with four ACCA qualifying Minnesota convictions and only three predicate convictions are required for the ACCA to apply. 18 U.S.C. § 924(e).

Ronning next contends that the district court erred by failing to give him credit for time served on a prior state court conviction. According to the PSR, the post-imprisonment term of supervision imposed upon Ronning by the district court of Douglas County, Wisconsin, after he was convicted of armed robbery on September 13, 2010, was revoked on October 23, 2018, after which he served a

sentence of imprisonment of three years and three days expiring on September 30, 2020. Ronning was sentenced in this case on August 18, 2020. Relying on USSG § 5G1.3 and 18 U.S.C. § 3584, Ronning now asserts that the district court erred in failing to "credit" his federal sentence in this case with that time. We find no error in the district court's denial of Ronning's request as USSG § 5G1.3 "provides guidance that varies depending on whether a defendant's time served in state custody is, or will be, for conduct that is 'relevant' to the instant federal offense." United States v. Nelson, 982 F.3d 1141, 1144 (8th Cir. 2020). This USSG section did not apply to Ronning's sentencing as the instant offense was not committed while Ronning was serving the Wisconsin state court revocation term, nor does Ronning explain how the revocation term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction." USSG § 5G1.3. Further, 18 U.S.C. § 3584 does not apply to Ronning's case because it concerns the imposition of concurrent or consecutive terms of imprisonment, not the issue of credit.

Finally, Ronning argues that the government "purposely caused an undue delay in charging Ronning so that he would serve more time in his state case." Appellant Br. 42. Ronning did not present this argument to the district court, and thus we review only for only plain error. See Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). To show plain error, Ronning must "show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings." United States v. Lyman, 991 F.3d 994, 996 (8th Cir. 2021) (citing United States v. Olano, 507 U.S. 725, 732-35 (1993)). We find no error, much less one that is plain, because, while the initial indictment was filed 18 months after Ronning's commission of the charged offense, he presents no evidence supporting his claim that the government improperly delayed bringing charges against him.

We affirm the judgment of the district court.

_____