# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1593
_____

United States of America

*Plaintiff - Appellee*

v.

Perry Hunter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: August 7, 2024
Filed: August 12, 2024
[Unpublished]

_____

Before SMITH, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Perry Hunter appeals after he pled guilty to unlawful possession of a firearm as a felon, and the district court[1] sentenced him as an armed career criminal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Counsel moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the court erroneously determined that two prior felony convictions qualified as predicate offenses for purposes of the Armed Career Criminal Act (ACCA).

Upon de novo review, this court concludes that the district court correctly determined that Hunter's prior residential burglary and first-degree terroristic threatening convictions qualified as predicate offenses under the ACCA. *See United States v. Keith*, 638 F.3d 851, 852 (8th Cir. 2011) (standard of review); *United States v. Sims*, 933 F.3d 1009, 1013-15 (8th Cir. 2019) (Arkansas residential burglary statute categorically qualified as violent felony under ACCA); *United States v. Myers*, 928 F.3d 763, 767 (8th Cir. 2019) (applying modified categorical approach and concluding that conviction under provision of Arkansas first-degree terroristic threatening statute requiring threats "to cause death or serious physical injury" qualified as ACCA predicate). Contrary to his argument, Hunter's residential burglary conviction was an adult conviction and sentence. *Cf. United States v. Nash*, 627 F.3d 693, 696 (8th Cir. 2010) (juvenile adjudication resulting in an adult violent-felony sentence was predicate conviction under ACCA). There is no time limit for predicate ACCA offenses. *See United States v. Rodriguez*, 612 F.3d 1049, 1056 (8th Cir. 2010) (rejecting argument based on age of ACCA predicate offenses). In any event, even assuming the district court erred in applying the ACCA enhancement, any error was harmless. The district court made clear at sentencing that it would have imposed the same sentence without the ACCA classification. *See United States v. Hamilton*, 929 F.3d 943, 948 (8th Cir. 2019) (finding harmless error when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____