# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3881

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Fred Walker, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2006
Filed: December 18, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Following a jury trial, Fred Walker was convicted of one count of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to a term of 96 months' imprisonment. Walker appeals, and we affirm.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

On the evening of January 13, 2004, Fred Walker, a convicted felon, was arrested as part of a heroin investigation. Walker was forcibly removed from his vehicle, and taken by ambulance to a hospital to receive treatment for injuries sustained during the arrest. About an hour after Walker's arrest, his wife, Victoria Walker, arrived on the scene and consented to a search of the residence she claimed to share with Walker at 10323 Monarch in St. Louis County.

When police officers searched the residence, they discovered a bag of marijuana, numerous rubber bands, and a .38 caliber revolver located in a sliding compartment in the right side of the headboard of a bed in one of the bedrooms. A bottle of Dormin, which is commonly used to dilute heroin, was also found in the compartment. On a dresser to the right of the bed, the police observed an envelope addressed to Walker at "5814 Dressell." In a sliding compartment in the left side of the headboard, police found a small .32 caliber Derringer. Men's clothing and shoes were found on the right side of the bed, and women's clothing and shoes were found on the left side of the bed.

After Walker was released from the hospital, he was taken to the police headquarters for booking. According to testimony presented by the prosecution, he provided "10323 Monarch" as the address of his residence, and when asked about a gun found at that address, he admitted that he owned the gun for his protection. Walker again provided the street address of 10323 Monarch while being processed into federal custody the following day.

At the beginning of Walker's trial, the government informed the district court it intended to introduce evidence of Walker's prior conviction for robbery in the first degree. Walker was sentenced in 1986 in Missouri state court to serve 15 years in prison, was released on parole on February 6, 1996, and was discharged from parole on July 29, 2001. (Appellee's Add. at 5). Walker had used a firearm during the commission of the robbery offense, and the government sought to use the conviction

to "show knowledge of his possession of firearms." (T. Tr. I at 4). Walker objected, claiming the conviction was "so remote in time that it would be prejudicial to the defendant and without probative value to the jury," (*id.* at 4), but the court held that the conviction was relevant to whether Walker knowingly possessed the gun, and declined to exclude the evidence.

During trial on the felon-in-possession charge, the court permitted the government to introduce evidence of the prior conviction under Federal Rule of Evidence 404(b), after admonishing the jury that it "may not use this similar acts evidence to decide whether the defendant carried out the acts involved in the crime charged in the indictment," but could consider the evidence to "decide whether the defendant knowingly possessed the firearm on January 13, 2004." (T. Tr. III at 9-10). The government called Special Agent Kimberly Copenhagen with the Bureau of Alcohol, Tobacco, Firearms and Explosives, who identified a certified copy of the robbery conviction, and then testified that the transcript of the hearing in which Walker pleaded guilty indicated that he was armed with a revolver during the commission of the robbery offense. She explained that the offense was committed on December 19, 1985.

Walker testified in his defense that he was not living in the house located at 10323 Monarch, but actually was residing at 5814 Dressell in St. Louis City. He explained that he and his wife had just bought the house on Monarch, but had not yet sold the house on Dressell. Walker said that his wife and a friend who was living with them moved to the Monarch residence, but claimed that he had stayed at Dressell to protect the house from vandals. He denied telling the officer during the initial booking that he lived on Monarch and disputed the officer's testimony that he had admitted possessing a gun, but stated he had provided the Monarch address during federal processing because he thought it was a "stable place" and would assist him to "make bond." He denied owning any guns, and stated that he did not know of any

guns that were in the house on Monarch. The jury found Walker guilty of unlawful possession of a firearm as a previously convicted felon.

On appeal, Walker contests the admission of his prior robbery conviction, arguing that it was improperly admitted under Federal Rule of Evidence 404(b) because the conviction is not relevant to the charged offense, is too remote in time, and is overly prejudicial. Rule 404(b) provides that evidence of other crimes is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The evidence must be "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005). We review a district court's decision to admit such evidence for an abuse of discretion, and will reverse only when the evidence "clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *Id.* at 904 (internal quotation omitted).

Walker contends that he did not place his knowledge and intent at issue, because he defended against the charge by arguing that he simply was not present at the house when the guns were found. Knowing possession of a firearm, however, is an element of 18 U.S.C. § 922(g)(1), and Walker placed his knowledge of the firearm's presence in the headboard of the bed at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt. *United States v. Chesney*, 86 F.3d 564, 572 (6th Cir. 1996). Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent, *Strong*, 415 F.3d at 905, and Walker's prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it.

Walker also claims the prior robbery conviction is too remote in time and is not sufficiently similar to the felon-in-possession charge, because "the mere possession of the weapon, standing alone, is not illegal under the state robbery first degree statute." (Appellant's Br. at 17). When admitted to show intent, "the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *Strong*, 415 F.3d at 905 (internal quotation omitted). Walker's prior conviction for first degree robbery is similar in kind to his current offense, as each involved his possession of a firearm in connection with a criminal act. *See id.*

To determine if a crime is too remote in time to be admissible under Rule 404(b), we apply a reasonableness standard, evaluating the facts and circumstances of each case. *United States v. Adams*, 401 F.3d 886, 894 (8th Cir. 2005). Whether the conviction is close in time to the charged offense is "one factor indicating the relevancy of the evidence, but there is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent." *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995) (internal quotation omitted). Although approximately 18 years elapsed between Walker's robbery offense in December 1985 and the instant offense conduct in January 2004, it is "[a]n important circumstance" that Walker was incarcerated from 1986 through February 1996. *Adams*, 401 F.3d at 894. Because he had been out of prison for only eight years before committing the instant offense, the total number of years separating the prior offense and the charged offense did not "significantly diminish the probativeness of the evidence." *Id* (internal quotation omitted). Although we generally have been "reluctant" to uphold admission of evidence of prior acts occurring more than 13 years prior to the charged offense, *Strong*, 415 F.3d at 905, we have approved the admission of prior firearm convictions under Rule 404(b) where 16 years separated the prior offense and charged offense, *id.* at 906, and we have upheld admission of a prior robbery offense committed 20 years before the offense on trial. *United States v. Williams*, 308 F.3d 833, 836-37 (8th Cir. 2002). *See also Adams*, 401 F.3d at 894 (upholding admission of 1986 drug conviction in trial of offense committed in 2001); *United States v. Hernandez-*

*Guevara*, 162 F.3d 863, 873 (5th Cir. 1998) (upholding admission of prior conviction for alien smuggling that was "nearly eighteen years old"). As in *Strong* and *Adams*, we conclude that the prior conviction here is relevant to Walker's knowledge of the firearm in the instant situation, and, particularly in view of the ten-year period of incarceration between offenses, it is not so remote in time as to render the district court's decision an abuse of discretion.

The government provided sufficient evidence of Walker's prior convictions through the testimony of Special Agent Copenhagen, who identified a certified copy of the conviction. *Strong*, 415 F.3d at 906. The district court's determination that the probative value of the evidence outweighed any prejudice is afforded substantial deference, *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001), and a limiting instruction diminishes the danger of unfair prejudice arising from the admission of the evidence. *Strong*, 415 F.3d at 906. In this case, the court offered an extensive limiting instruction, admonishing the jury that "[y]ou may not convict a person simply because you believe he may have committed similar acts in the past" and to "consider the evidence of prior acts only on the issue of intent or knowledge." (T. Tr. III at 10).

Although Walker claims on appeal that "the prejudicial effect of this evidence was compounded by the admission of the guilty plea transcript showing that Walker struck a security guard and a police officer in the commission of the 1985 robberies, and gave a statement to the police blaming the offenses on his brother," (Appellant's Br. at 19), the record offers no indication that the state court transcript was ever admitted into evidence. The trial transcript reflects that the only details of the conviction heard by the jury were contained in the testimony of Special Agent Copenhagen, who stated that Walker was convicted of robbery in the first degree in Missouri state court in 1986, and that he was armed during the commission of the offense. It was not an abuse of discretion for the district court to conclude that the probative value of this evidence outweighed any unfair prejudice, and to admit the evidence under Rule 404(b).

The judgment of the district court is affirmed.

MELLOY, Circuit Judge, dissenting.

I believe that United States v. Strong, 415 F.3d 902 (8th Cir. 2005), with a sixteen-year interval and a tenuous factual connection between the defendant's prior crime and the charged offense, represents the outer limits of Rule 404(b) admissibility. I would not extend those limits to cover the eighteen-year time frame between Walker's prior criminal conduct and the charged offense. Therefore, I respectfully dissent from the majority opinion.

To be admissible for the purpose of proving knowledge or intent under Rule 404(b), this court has long required that the prior crime, wrong, or act be "similar in kind and reasonably close in time to the crime charged," United States v. Turner, 104 F.3d 217, 222 (8th Cir. 1997), or at least "not overly remote in time to the crime charged." United States v. Green, 151 F.3d 1111, 1113 (8th Cir. 1998). In United States v. Engleman, 648 F.2d 473, 478-80 (8th Cir. 1981), we reviewed a district court's admission of evidence of a prior, uncharged crime that occurred thirteen years before the charged offense. Engleman's crimes were identical with regard to motive: in both the prior and the charged offense, he and the chosen victims' wives arranged the murders, and they shared the proceeds from the victims' life-insurance policies. Id. at 477. Indeed, in the second murder, Engleman convinced his collaborator to join him by saying that "he knew the scheme would work because he had done it before." Id. Given these facts, we ruled that the district court did not abuse its discretion in admitting evidence of the prior murder because of "the similarities of the events and the length of time each crime required in planning and execution." Id. at 479.

In the twenty-four years between the Engleman and Strong decisions, we were "reluctant to go beyond Engleman's thirteen-year time frame," United States v. McCarthy, 97 F.3d 1562, 1573 (8th Cir. 1996), and, with few exceptions, "decline[d] to extend our holding regarding the remoteness of the thirteen-year-old crime in

Engleman beyond the facts of that case." United States v. Mejia-Uribe, 75 F.3d 395, 398 (8th Cir. 1996).

The facts of this case present a far less compelling justification for admission of the prior evidence than the facts in Engleman. Here, the only similarities between the past and charged offense were that both crimes involved gun possession. This hardly makes them distinctive. The past crime has little practical bearing on Walker's intent and knowledge in the present case, especially when compared to the facts in Engleman. I recognize that Strong may represent a deviation from our post-Engleman precedent on facts substantially similar to the case at hand. It retained the principles of that line of cases, however, and did not purport to change our test for 404(b) admissibility; it merely held that evidence of a sixteen-year-old crime was not too remote to pass that test. I would hold that Strong represents the outmost edge of admissibility of past crimes of this age, absent a connection between the past and charged offenses that is at least as close as Engleman. If we are to say that our requirement that the past crime be "reasonably close in time to the crime charged" means anything at all, then it must bar the admission of Walker's eighteen-year-old past crime in this case.

I also do not believe Walker's past incarceration has any impact on the remoteness of his prior crime in this case. The majority opinion, relying upon United States v. Adams, 401 F.3d 886, 894 (8th Cir. 2005), argues that the probative value of the evidence was preserved in part because Walker spent ten of those eighteen years in prison. I believe this argument fails to take account of the interrelationship between the time spent in prison and the degree of similarity regarding the past and charged offenses. In Adams, the district court admitted evidence of a 1986 drug-trafficking conviction involving the same type of drug, same means, and similar physical evidence as the charged offense for conspiracy to distribute drugs. Id. Furthermore, the charged conduct occurred only four years after the defendant was released from prison for the prior offense, id., which suggests that the defendant simply reinitiated the drug-trafficking conspiracy after incarceration using the

-8-

knowledge gained through his past drug-trafficking experience. Thus, given the similarity in conduct and the relatively brief period between the defendant's release and his subsequent engagement in the same type of conspiracy, we ruled that the district court did not abuse its discretion in admitting evidence of the prior crime. Id.

This is a much different case, with the fact of the defendant's gun possession standing as the only similarity between the prior and charged offenses. In addition, the defendant here was out of prison for eight years before committing the charged offense, and there is no suggestion of any logical connection between the crimes. This is not a case where Walker continued the same criminal pattern with the same modus operandi after release from prison. As such, it is unclear how Walker's ten years in incarceration make the prior offense less remote (as it relates to Walker's intent to possess the gun) than if Walker had spent those ten years walking freely. Therefore, under these facts, I believe Walker's incarceration ought to have no bearing upon the analysis of whether his past crime was too remote for admissibility.

For the foregoing reasons, I would reverse the judgment of the district court.

_____