# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4136
_____

United States of America

*Plaintiff - Appellee*

v.

Deandre E. Brown, also known as Michael White

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: December 15, 2017
Filed: April 4, 2018
[Unpublished]
_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

A jury found Deandre Brown guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Brown requests a new trial, arguing

that the district court[1] abused its discretion in admitting evidence under Federal Rule of Evidence 404(b) of his prior felony conviction for unlawful use of a weapon. We affirm.

## I. *Background*

One evening around midnight, St. Louis Metropolitan Police Department (SLMPD) officers observed two individuals, later identified as Brown and James Hayes, standing near the gangway at 5934 Lucille Avenue in the Walnut Park neighborhood in St. Louis, Missouri. As officers approached in their marked police vehicle and shined a spotlight in the area, Brown and Hayes fled south down the gangway. SLMPD Officer Brandon Moore exited his vehicle and ran after them. Despite Officer Moore's commands to stop, Brown continued through the rear yard of 5934 Lucille Avenue and jumped a fence leading into the alley. As Brown was running, Officer Moore observed Brown remove a large caliber firearm from the front of his waistband area. Brown continued to run with the gun in his right hand.

Officer Moore lost sight of Brown, but SLMPD Officer Matthew Tesreau, who was in the same general area, saw Brown run down the rear yard of the residence on Lucille Avenue, jump over the fence, and land in the alley. When Brown jumped from the rear yard into the alley, Officer Tesreau "heard a very loud [sound] like metal hitting concrete." Transcript of Jury Trial, Vol. I, at 78, *United States v. Brown*, No. 4:15-cr-00431-HEA-1 (E.D. Mo. June 20, 2016), ECF No. 114. Brown ran straight toward Officer Tesreau, who took Brown into custody.

Officer Tesreau learned from Officer Moore that Brown had been running with a gun and returned to the alley where he had heard the noise. Officer Tesreau seized from the alley a cell phone and a loaded "large semiautomatic handgun." *Id.* at 82.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

The officers placed Brown under arrest for firearms-related offenses. They transported the firearm to the SLMPD crime laboratory. It was evaluated and determined to be a fully-operational firearm and to have been manufactured outside of the United States. Further investigation revealed that Brown had previously been convicted of a felony offense punishable by a term of imprisonment of at least one year under Missouri law.

Brown was charged with being a felon in possession of a firearm. Prior to trial, the government provided Brown with notice that it intended to introduce evidence pursuant to Federal Rule of Evidence 404(b) of Brown's 2002 conviction in St. Louis City Circuit Court for unlawful use of a weapon to show Brown's "knowledge, intent, motive, plan, identity, and absence of mistake or accident, as such relate to the charges in the present federal indictment." Notice by United States at 1, *United States v. Brown*, 4:15-cr-00431-HEA-1 (E.D. Mo. June 17, 2016), ECF No. 71. The government also filed a motion in limine "for admission of other crimes, wrongs, or acts of defendant." United States of America's Third Motion *In Limine* For Admission of Other Crimes, Wrongs, or Acts of Defendant at 1, *United States v. Brown*, 4:15-cr-00431-HEA-1 (E.D. Mo. June 17, 2016), ECF No. 72. In the motion in limine, the government related the following facts underlying the 2002 weapons conviction:

> On January 1, 2002, SLMPD officers observed the driver of a vehicle, later identified as Defendant, driving erratically in the City of St. Louis, Missouri. As a result, officers attempted to curb Defendant who fled at a high rate of speed while committing numerous traffic violations. (Before Defendant accelerated, a female jumped out of the rear passenger side door.) After briefly losing sight of Defendant, officers regained sight of him as he travelled eastbound on West Florissant Avenue. Officers observed Defendant's vehicle violate the red electric signal at West Florissant Avenue and Goodfellow Avenue causing a traffic accident with another vehicle and striking a bus stop and vending machine before coming to a stop. Officers approached the

vehicle and observed Defendant reaching under the driver's seat. Defendant was detained, and officers seized from underneath the driver's seat a loaded SKS assault rifle. An additional clip of 13 rounds of 7.62 caliber ammunition was located in the center console.

*Id.* at 3 (footnote omitted).

The district court held a pretrial hearing on the government's motion in limine. The government argued that the evidence was relevant and offered to prove "knowledge, intent, or absence of mistake." Transcript of Jury Trial (Pretrial Motions), Vol. I, at 3–4, *United States v. Brown*, 4:15-cr-00431-HEA-1 (E.D. Mo. June 20, 2016), ECF No. 118. Specifically, the government asserted the evidence showed that Brown "intended to have that firearm [and] that he knows what a firearm is." *Id.* at 4. The government noted the conviction was proximate in time, especially given that Brown "spent a fairly lengthy time in prison on other offenses" from the time he committed the 2002 offense until the charged offense. *Id.* The government argued that any prejudice would be lessened by a jury instruction telling the jurors that they could not use the evidence for propensity.

In response, defense counsel argued that there was no need to prove knowledge because it was undisputed that the object was a handgun. Furthermore, if the conviction is being offered to show intent, defense counsel argued, then "what is that intent? If it's to possess weapons and what they are saying is that he had weapons in the past, it shows a propensity to have weapons in the future, so it is propensity evidence." *Id.* at 6.

The government replied that because Brown pleaded not guilty, he "put all the issues in play with respect to the elements of the case and that is . . . he intentionally or knowingly possessed a firearm." *Id.* at 7. Therefore, the government explained that it had to "show [Brown] intended to possess that firearm, that he knew it was a firearm, and that's what [the government] intend[s] to do in part with the admission

-4-

of this conviction for unlawful use of a firearm." *Id.* According to the government, it was "not saying that because he possessed a gun in 2002, he, therefore, possessed this gun in 2015"; instead, it was "saying . . . that he possessed a gun in 2015, he intended to do it, and he knowingly did it, and that's what this 2002 prior goes to." *Id.* at 8. The district court granted the government's motion in limine and permitted the Rule 404(b) evidence.

During trial, Officers Brown and Tesreau testified as stated above. In addition to their testimony, the government introduced a telephone recording between Brown and his father in which Brown and his father talked about Brown's "problem," that Brown is the one who put himself in jail, and that when he is on drugs, he gets into trouble. Transcript of Jury Trial, Vol. I, at 109–11. The government also introduced several e-mails that Brown sent and received while incarcerated prior to trial.

The government also introduced the Rule 404(b) evidence. Prior to introducing this evidence, the court read the standard Rule 404(b) limiting instruction to the jury contained in the Eighth Circuit Pattern Instructions. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 2.08. The government then entered into evidence a certified copy of Brown's 2002 conviction for unlawful use of a weapon.

Ultimately, the jury found Brown guilty of being a felon in possession of a firearm. Brown timely appeals.

## II. *Discussion*

Brown argues that the district court abused its discretion in admitting evidence of his 2002 felony conviction for unlawful use of a weapon because (1) the government offered the evidence as proof of intent but only did so as a pretext for its actual purpose, which was to show Brown's criminal propensity to possess firearms,

and (2) the prejudicial effect of the evidence substantially outweighed its limited probative value.

We review for an abuse of discretion a district court's admission of evidence under Federal Rule of Evidence 404(b). *United States v. Rembert*, 851 F.3d 836, 839 (8th Cir.), *cert. denied*, 138 S. Ct. 401 (2017). "A district court's admission of prior act evidence will be reversed 'only when such evidence clearly ha[s] no bearing on the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" *Id.* (alteration in original) (quoting *United States v. Benitez*, 531 F.3d 711, 716 (8th Cir. 2008)).

Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "The rule prohibits evidence of prior bad acts used to circumstantially prove a person has a propensity to commit acts of that sort." *United States v. Oaks*, 606 F.3d 530, 538 (8th Cir. 2010) (citation omitted).

But Rule 404(b)(2) also states that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "Rule 404(b) is a rule of inclusion, and, as such, if 'evidence [is] offered for permissible purposes [it] is presumed admissible absent a contrary determination.'" *United States v. Horton*, 756 F.3d 569, 579 (8th Cir. 2014) (alterations in original) (quoting *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006)). "The evidence must be '(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect.'" *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) (quoting *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005)).

Here, Brown disputes whether his prior conviction was relevant to a material issue (as opposed to mere propensity evidence) and higher in probative value than prejudicial effect.

A. *Relevant to a Material Issue*

Brown argues that the government "generally asserted" that his 2002 felony conviction for unlawful use of a weapon was admissible to prove knowledge, intent, and absence of mistake without making a link to any specific knowledge or intent. *United States v. Cotton*, 823 F.3d 430, 434 (8th Cir.), *cert. denied*, 137 S. Ct. 520 (2016); *see also id.* at 435 ("Mere recitation of the Rule without an accompanying case-specific analysis risks couching criminal propensity in terms of knowledge, intent, or lack of mistake. Rule 404(b), by its own terms, requires more."). According to Brown, the district court accepted the government's general assertion without a case-specific analysis.

Brown overlooks that "[a]s a general rule, '[e]vidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent.'" *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015) (second alteration in original) (quoting *Walker*, 470 F.3d at 1274), *cert. denied*, 136 S. Ct. 1450 (2016). "Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1), and [Brown] placed his *knowledge* of the firearm's presence at the scene on his person at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt." *Oaks*, 606 F.3d at 539 (emphasis added) (citing *Walker*, 470 F.3d at 1274; *United States v. Chesney*, 86 F.3d 564, 572 (6th Cir. 1996)). The government's evidence of Brown's prior conviction for unlawful use of a weapon was "relevant to show [Brown's] knowledge and intent." *Id.* (quoting *Walker*, 470 F.3d at 1274). Brown's prior conviction "addresses

the material issue of his knowledge of the presence of the firearm and his intent to possess it." *Id.* (citing *Walker*, 470 F.3d at 1274).[2]

We therefore conclude that the evidence was relevant to a material issue. *See Walker*, 470 F.3d at 1274.

B. *Higher in Probative Value Than Prejudicial Effect*

Brown also maintains that the potential prejudice of his prior conviction substantially outweighed its probative value.

"At the outset, we note that all prior criminal convictions tend to be prejudicial to a defendant, but 'the question is whether the evidence is *unfairly* prejudicial.'" *United States v. Fang*, 844 F.3d 775, 780 (8th Cir. 2016) (quoting *United States v. Tyerman*, 701 F.3d 552, 563 (8th Cir. 2012)). "To establish unfair prejudice, we look for evidence that causes a verdict to be based on an improper basis, an inquiry into the interplay between the Federal Rules of Evidence 404(b) and 403." *Id.* at 780–81 (citations omitted). "Though all Rule 404(b) evidence is inherently prejudicial, the

---

[2]*See also United States v. Stroud*, 673 F.3d 854, 861 (8th Cir. 2012) (holding defendant's prior conviction for possession of a machine gun was relevant in prosecution for being a felon in possession of a firearm; prior conviction was relevant to defendant's familiarity with and knowledge that he possessed a firearm); *United States v. Halk*, 634 F.3d 482, 485–88 (8th Cir. 2011) (holding that previous firearm possessions were relevant to show defendant's knowledge and intent to possess a firearm where police saw defendant holding and discarding a gun); *United States v. Graham*, 680 F. App'x 489, 492 (8th Cir. 2017) (per curiam) (holding evidence of defendant's previous firearm-related arrest was relevant, in prosecution for being a felon in possession of a firearm, to show defendant's knowledge of firearm's presence and intent to possess it; knowing possession of a firearm was an element of the offense and defendant had placed his knowledge of the firearm's presence at issue by pleading not guilty, thus requiring government to prove his guilt beyond a reasonable doubt).

test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice." *Williams*, 796 F.3d at 960 (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)).

Brown contends that once his prior felony was admitted, the government then impermissibly used it for propensity purposes. Specifically, Brown points to the government's direct examination of Officer Caleb Noland. Officer Noland authenticated the telephone calls and e-mails sent and received by Brown while he was incarcerated pretrial. The government asked Officer Noland about a "problem" that Brown discussed with his father. Transcript of Jury Trial, Vol. I, at 109–11.

During cross-examination, defense counsel asked Officer Noland, in reference to the phone call recordings, whether there were "two clips about [Brown] talking about how he has a *drug* problem." *Id.* at 109 (emphasis added). Thus, defense counsel was wanting the jury to infer that the problem mentioned in Brown's call was a drug problem rather than a problem with a gun. Officer Noland responded in the affirmative. On redirect examination, the government clarified that Brown was "not telling his dad he didn't have that gun," and Officer Noland replied, "No, sir." *Id.* The government also clarified with Officer Noland that Brown never said to his father, "I didn't do it this time," and Officer Noland answered, "No, sir, he did not." *Id.* at 110. The government then asked, "So when he is talking about some *drug* problem, you're assuming that somewhat. May have a *drug* problem, also has a *gun* problem. Fair to say?" *Id.* (emphases added). Officer Noland responded, "Fair to say." *Id.*

As the record reflects, it was *defense counsel*, not the government, who asked the witness for an interpretation of the phone call between Brown and his father and the meaning of "problem." Prior to that, the government had only played the phone call and asked no questions. Any follow-up questions by the government were in response to defense counsel's cross-examination and unrelated to the admission of Brown's prior conviction.

Furthermore, the record establishes that the probative value of Brown's prior conviction was not substantially outweighed by the danger of any unfair prejudice. *See Williams*, 796 F.3d at 960. The government introduced the evidence through a certified conviction, the details of which were read to the jury. To minimize any prejudicial impact, the government did not reference the 404(b) evidence in its closing argument, and the district court gave a limiting instruction regarding the limited purposes for which the evidence could be considered. "[T]his Court has been reluctant to find that the evidence [of prior convictions] was unfairly prejudicial when the district court gave an appropriate limiting instruction, instructing the jury not to use the evidence as proof of the acts charged in the indictment." *Oaks*, 606 F.3d at 539 n.2 (quoting *United States v. Kent*, 531 F.3d 642, 651 (8th Cir. 2008)).

Because the evidence of Brown's 2002 conviction for unlawful use of a weapon was relevant and its probative value was not substantially outweighed by the danger of any unfair prejudice, we hold that the district court did not abuse its discretion in admitting it.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____