# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1537
_____

United States of America

*Plaintiff - Appellee*

v.

Robert E. Harrison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 14, 2022
Filed: June 14, 2023

_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.

_____

SMITH, Chief Judge.

A jury convicted Robert E. Harrison of being a felon in possession of a firearm. The district court[1] sentenced him to 84 months' imprisonment. Harrison appeals,

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

challenging the admission of evidence of his prior firearm conviction. For the following reasons, we affirm.

## I. *Background*

Richard Eskew heard a loud noise outside his home. He and his family went outside and observed that their retaining wall had been destroyed and that a van had come to rest on the sidewalk. They saw Harrison, the van's driver, near the area. Eskew's daughter called 911. She testified that she heard Harrison say, "They were shooting at me." R. Doc. 107, at 180. However, neither Eskew nor his daughter heard any gunshots prior to the crash.

Officers Kyle Lyon and Joseph Kopfensteiner of the St. Louis Metropolitan Police Department responded. The officers found Harrison standing in the street looking at the crash. Officer Kopfensteiner testified that Harrison explained that "he was trying to park the van, and the power steering or something went wrong with the steering, and he lost control of it." *Id*. at 190. Officer Kopfensteiner had a clear view of Harrison and saw him pull a firearm from his waistband, drop it on the ground, and kick it under the vehicle. Officer Kopfensteiner immediately restrained Harrison and called out to Officer Lyon, who helped secure Harrison. Officer Kopfensteiner then retrieved the firearm from under the vehicle.

Harrison was charged with being a felon in possession of a firearm. Prior to trial, the government moved to introduce evidence that Harrison possessed a firearm in 2010. Harrison's gun possession led to a 2012 conviction for unlawful possession of a firearm under Missouri law. The government sought admission of this evidence under Federal Rule of Evidence 404(b) to show knowledge, absence of mistake, and lack of accident. The government also noted that it would be requesting a limiting instruction as to this evidence.

Harrison opposed the introduction of this evidence as improper. He argued that "[w]hen the government claims a defendant personally held a gun, 'a defendant's knowledge is almost never a material issue . . . absent unusual circumstances (such as when a defendant claims he did not realize the object in his hand was a gun)[.]'" R. Doc. 57, at 3 (second and third alterations in original) (quoting *United States v. Caldwell*, 760 F.3d 267, 279 (3rd Cir. 2014)). Harrison asserted that "[a]bsent a claim of mistaken or accidental possession of a firearm by the defendant, the issue of knowing possession of [the] firearm the government claims the defendant personally possessed is not material to resolution of the case." *Id.* at 3–4. Thus, he averred, no basis existed to admit any evidence of his prior conviction, unless he disputed knowing possession of the gun.

The district court admitted the evidence of the prior conviction. It noted that "under these circumstances . . . where a gun is found under the car, it is ultimately recovered under the car, and the Government has the burden of proving knowledge . . . the Court does believe that this evidence is admissible under Rule 404(b) as it has been stated many times." R. Doc. 103, at 27. The district court also noted that it would give a limiting instruction.

At trial, the district court gave the following limiting instruction:

Ladies and gentlemen, you are about to hear evidence that the Defendant previously possessed a firearm on September 30th of 2010. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. If you find this evidence has been proved, then you may consider it to help you decide motive, opportunity, knowledge, absence of mistake, or lack of accident.

You should give it the weight and value you believe it is entitled to receive. If you find that the evidence has not been proved, you must disregard it. Remember even if you find that the Defendant may have

committed similar acts in the past, that is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past.

The Defendant is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issues stated above.

R. Doc. 104, at 49–50.

The government read the evidence into the record as follows:

[T]he Defendant, Robert Harrison, Unlawfully Possessed a Firearm on September 30th, 2010, in St. Louis County, Missouri. The Defendant entered a plea of guilty and was convicted of this crime on January 6, 2012, in St. Louis County, within the Eastern District of Missouri.

*Id*. at 53.

The jury found Harrison guilty. The district court sentenced Harrison to 84 months' imprisonment. Harrison appeals the admission of his prior conviction.

## II. *Discussion*

Harrison argues that the district court abused its discretion when it allowed the government to introduce evidence of his prior firearm conviction. Harrison asserts that Rule 404(b) was designed to exclude this sort of evidence and that the evidence would only be admissible if knowledge was a material issue in this case. He maintains that knowledge is not material here because he "made no claim that he accidentally possessed a firearm or mistook a firearm for a toy or something other than a gun." Appellant's Br. at 21.

A district court's ruling under Rule 404(b) is reviewed for an abuse of discretion. *United States v. Geddes*, 844 F.3d 983, 989 (8th Cir. 2017).

To be admissible under Rule 404(b), the evidence must be 1) relevant to a material issue raised at trial, 2) similar in kind and close in time to the crime charged, 3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and 4) its probative value is not substantially outweighed by its prejudicial value.

*United States v. Oaks*, 606 F.3d 530, 539 (8th Cir. 2010). We will reverse only if "the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *Geddes*, 844 F.3d at 989 (internal quotation marks omitted).

## A. *Relevance to a Material Issue*

"Knowing possession of a firearm . . . is an element of 18 U.S.C. § 922(g)(1) . . . ." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). "[A] not-guilty plea in a felon-in-possession case makes past firearm convictions relevant to show the material issues of [the defendant's] knowledge of the presence of the firearm and his intent to possess it." *United States v. Drew*, 9 F.4th 718, 723 (8th Cir. 2021) (cleaned up). This rule applies "even when the prosecution proceeds solely on an actual possession theory." *United States v. Smith*, 978 F.3d 613, 616 (8th Cir. 2020) (internal quotation marks omitted).

Harrison's knowledge is at issue here because he did not plead guilty. Thus, Harrison's prior conviction for unlawful possession of a firearm was relevant to prove knowledge. Element (1) is satisfied.

## B. *Similarity with Crime Charged*

As to element (2), both offenses involved Harrison unlawfully possessing a firearm, specifically a handgun, as a felon. According to paragraph 36 of the presentence report, Harrison's prior conviction charged him with knowingly possessing a revolver despite having a prior felony conviction for unlawful use of a weapon. The instant offense similarly charged Harrison with knowingly possessing

a handgun despite his status as a felon. "When admitted to show intent, the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *Walker*, 470 F.3d at 1275 (internal quotation marks omitted) (finding defendant's prior conviction for first degree robbery was similar in kind to his felon-in-possession conviction at issue, "as each involved his possession of a firearm in connection with a criminal act").

"To determine if a crime is too remote in time to be admissible under Rule 404(b), we apply a reasonableness standard, evaluating the facts and circumstances of each case." *Id.* (holding 18-year-old conviction not too remote in time when defendant was incarcerated for 10 of those 18 years such that the total number of years between the offenses did not "significantly diminish the probativeness of the evidence" (internal quotation marks omitted)); *see also United States v. Williams*, 796 F.3d 951, 960 (8th Cir. 2015) (holding prior convictions that were 11 and 18 years old were not too remote where, in the period since the 18-year-old conviction, defendant was incarcerated for 12 years). Harrison's conviction was not too remote in time. Although it occurred 8 years before his arrest in this case, he was incarcerated for more than 3 of those years. Thus, element (2) is satisfied.

## C. *Sufficient Evidence*

Sufficient evidence may be provided via certified copy of the conviction. *Walker*, 470 F.3d at 1275. Element (3) is met because the government's attorney read a redacted certified copy of the conviction into the record. Harrison did not specifically object to the admission of this form's contents; he objected to introduction of Rule 404(b) evidence overall. The record evidence was sufficient under our precedent.

## D. *Probative v. Prejudicial Value*

"The district court's determination that the probative value of the evidence outweighed any prejudice is afforded substantial deference, and a limiting instruction

diminishes the danger of unfair prejudice arising from the admission of the evidence." *Id.* (citation omitted). Here, the district court found the conviction admissible by relying on the recovery of the gun from underneath Harrison's car. An officer provided credible eyewitness testimony describing Harrison's attempt to conceal the presence of the firearm by removing from his person, throwing it to the ground, and kicking it underneath his vehicle. The government had the burden of proving Harrison knowingly possessed the weapon. It carried that burden. Harrison's prior firearm conviction was thus relevant to prove his knowledge.

The district court addressed the potential for unfair prejudice by giving a limiting instruction. The district court's action and its balancing of the effects of the conviction's admission against its potential prejudice were not erroneous and satisfied element (4) of *Oaks*. *See id.* (holding that limiting instruction stating that "'[y]ou may not convict a person simply because you believe he may have committed similar acts in the past' and . . . 'consider the evidence of prior acts only on the issue of intent or knowledge,'" sufficiently diminished the danger of unfair prejudice arising from the admission of a defendant's prior robbery conviction in his trial for being a felon in possession of a firearm (first alteration in original)).

Therefore, based on its compliance with the requirements of *Oaks,* we conclude the district court did not abuse its discretion in admitting evidence of Harrison's prior firearm conviction.

### III. *Conclusion*

We affirm Harrison's conviction.

STRAS, Circuit Judge, concurring in the judgment.

How does a decade-old firearm-possession offense show that Harrison knowingly possessed a gun this time around? Neither the government nor the court

provides much of a reason, so I will.  It shows that Harrison has committed the same criminal act before and "acted in accordance" with that character by doing it again.  Fed. R. Evid. 404(b)(1).  Once a criminal, always a criminal.  The problem, however, is that this is precisely the situation in which the rules *require* the conviction to stay out.  *See id.* ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *see also United States v. Vaca*, 38 F.4th 718, 721 (8th Cir. 2022); *State v. Griffin*, 887 N.W.2d 257, 266 (Minn. 2016) (Stras, J., concurring).

Decades of precedent allow this shoehorning to happen.  The scenario usually proceeds this way: the government asserts that the prior conviction is relevant to knowledge, intent, and absence of mistake—a kitchen-sink approach because no one really understands Rule 404(b) the way we have interpreted it.  The district court then asks why, and the government usually responds with some variation of "the Eighth Circuit says so."  The truth is that a prior conviction is irrelevant in most actual-possession cases, unless, of course, the whole point is to allow the jury to make a propensity inference.  *See United States v. Caldwell*, 760 F.3d 267, 282 (3d Cir. 2014).

Although I believe that we should revisit our precedent at some point, this is not the right case.  As the court's recitation of the facts shows, there was plenty of evidence against Harrison, and admitting the prior conviction had no "substantial influence on the jury's verdict."  *United States v. Aldridge*, 664 F.3d 705, 714 (8th Cir. 2011) (citation omitted).  Given my "reluct[ance] to magnify the burdens that our" counter-textual Rule-404(b) "jurisprudence imposes on" criminal defendants, *Ring v. Arizona*, 536 U.S. 584, 610 (2002) (Scalia, J., concurring), I would affirm because any error here was harmless.

———————————————