# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1050

_____

United States of America

*Plaintiff - Appellee*

v.

Devon Lamont Holt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 23, 2025
Filed: December 4, 2025

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Devon Holt was convicted of being a felon in possession of a firearm. The district court[1] sentenced him to 42 months' imprisonment. Holt appeals, arguing that the district court erred in admitting certain Facebook posts and messages

_____

[1]The Honorable Kate M. Menendez, United States District Judge for the District of Minnesota.

referencing firearms and, further, that the district court failed to adequately explain its sentencing decision.  We affirm.

## I.  Background

Holt was charged with being a felon in possession of a firearm.  *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8).  Investigators obtained a warrant to search Holt's Facebook account, on which they found several posts and messages referencing firearms.  These included a message in which Holt said he was at a bar "strap[ped] like a crazy man jacket" and posts where Holt said, "It's kill or be killed round my way"; "I'm ready to die or ready to kill idgaf really my mind been gone since my brother so I ain't new to this shit I get shit craccin"; and "Sometimes you gotta shoot for your respect that's how you send a message."  Holt pleaded not guilty, and the case proceeded to trial.

Over Holt's objection, the district court admitted the Facebook content, explaining that it had "relevance for [Holt's] knowledge and intent and ability to access or interest in accessing firearms."  The district court excluded other Facebook posts and messages that were "further removed in time" and that contained unfairly prejudicial language.  At trial, the district court also instructed the jury to consider the admitted Facebook content only for Holt's knowledge and motive.  The jury found Holt guilty.

At his sentencing hearing, Holt argued for a sentence below the advisory sentencing guidelines range of 41 to 51 months' imprisonment.  Holt pointed to several mitigating factors, including the "hard time" he spent in pretrial and presentence detention in county jail and the "extended uncertainty" he experienced before his sentencing.  The district court imposed a sentence of 42 months' imprisonment and offered a detailed explanation of its reasoning that considered aggravating and mitigating factors. Among the mitigating factors, the district court recognized that Holt had "turned that time [in jail] into something very meaningful"

and that although "it's easy enough to get swept up in the despair at a county jail, [Holt] didn't."

On appeal, Holt argues that the district court abused its discretion by admitting the Facebook content and that the district court failed to adequately explain its sentencing decision.

## II. Discussion

We first review the district court's decision to admit the Facebook content. Under Rule 404(b) of the Federal Rules of Evidence, evidence of prior bad acts is inadmissible to prove a person's character or propensity to engage in unlawful conduct. Fed. R. Evid. 404(b)(1). But this evidence can be admissible for other purposes, such as proving motive, opportunity, intent, or knowledge. Fed. R. Evid. 404(b)(2). This evidence "is admissible if (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008) (citation modified). In this case, Holt focuses on the first and fourth prongs of this analysis—arguing that the Facebook content was inadmissible as Rule 404(b) evidence because it was irrelevant and unfairly prejudicial.

We review the district court's decision to admit Rule 404(b) evidence for an abuse of discretion. *United States v. Wilson*, 619 F.3d 787, 791-92 (8th Cir. 2010). "We will reverse only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *Id*. at 792 (citation modified). Here, the district court did not abuse its discretion in admitting the Facebook content.

The Facebook content was relevant for permissible purposes under Rule 404(b)(2). The message in which Holt stated that he was "strap[ped] like a crazy man jacket" shows that Holt's possession of the firearm was knowing and

intentional. At trial, the Government introduced evidence to show that the phrase, "I'm strapped," means "I'm carrying a firearm." That statement, therefore, was an admission by Holt that he knowingly and intentionally carried a gun. And the messages "It's kill or be killed around my way"; "I'm ready to die or ready to kill idgaf really my mind been gone since my brother so I ain't new to this shit I get shit craccin"; and "Sometimes you gotta shoot for your respect that's how you send a message" show Holt's motives for possessing a firearm—to protect himself and to be respected. We have often, as the Government observes, allowed Rule 404(b) evidence to show a defendant's motive in unlawfully possessing a firearm. *See, e.g.*, *United States v. Jefferson*, 975 F.3d 700, 706 (8th Cir. 2020); *United States v. Payne-Owens*, 845 F.3d 868, 872-73 (8th Cir. 2017). We do so again here. Rule 404(b) is "one of inclusion, such that evidence offered for permissible purposes is presumed admissible without a contrary determination." *United States v. Williams*, 796 F.3d 951, 958 (8th Cir. 2015).

Holt challenges the probative value of the Facebook content by arguing that intent to possess a firearm is self-evident in possession and so his intent was not a disputed "serious issue." *See United States v. White Plume*, 847 F.3d 624, 629 (8th Cir. 2017). But unlike in *White Plume*, where certain "severe, acute, and non-accidental" incidents of child abuse were necessarily intentional, here it is not self-evident that "[w]hoever committed the crime intended to do it." *See id.* at 627, 629. "Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1), and [Holt] placed his knowledge of the firearm's presence at the scene . . . at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt." *Williams*, 796 F.3d at 959. Holt cites *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004), in which the court excluded evidence of a defendant's previous firearm possession that did not make it any more likely that the defendant knowingly possessed the charged firearm. *Id.* at 946. But *Linares* is neither binding nor apposite. In *Linares*, "it [was] hard to see how [the defendant] could possibly have possessed the gun unknowingly," because the prosecution's evidence included three eyewitnesses who saw the defendant holding and firing the charged firearm.

-4-

*Id.* Here, conversely, the Government's evidence had not otherwise "completely preclud[ed] an acquittal based on the failure to prove [knowledge]." *See id.* at 947.

Holt also suggests that the Facebook content was inadmissible because it did not contain references to the same type of firearm as the charged firearm. But Holt fails to cite any authority imposing such a requirement. Indeed, he only cites cases where we affirmed the admission of Rule 404(b) evidence. *See United States v. Wright*, 993 F.3d 1054, 1062 (8th Cir. 2021); *United States v. Brooks*, 715 F.3d 1069, 1077 (8th Cir. 2013); *United States v. Jackson*, 913 F.3d 789, 792 (8th Cir. 2019).

The potential prejudicial effect of the Facebook evidence does not substantially outweigh its probative value. Because the district court "must balance the amount of prejudice against the probative value of the evidence, this Circuit will normally defer to that court's judgment." *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001). Here, the district court thoughtfully weighed the prejudicial effect of the Facebook content against its probative value—and even excluded some of Holt's other Facebook posts and messages because of their prejudicial effect. Further, the district court's limiting jury instruction "diminishe[d] the danger of unfair prejudice arising from the admission of the evidence." *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006).

Holt argues that the Facebook content was unfairly prejudicial because, though vulgar and inflammatory, it merely quoted rap lyrics. But Holt fails to show that the Facebook content "clearly had no bearing on the case and was introduced solely to prove [his] propensity to commit criminal acts." *See Wilson*, 619 F.3d at 792. Holt cites *United States v. Moore*, 639 F.3d 443, 448 (8th Cir. 2011), where we acknowledged "the danger of unfair prejudice flowing from [rap] lyrics . . ., which were replete with vulgar, inflammatory, prejudicial language." *Id.* But in *Moore*, unlike here, most of the lyrics—from a twenty-minute recording—were "irrelevant" to the charged offense, and the lyrics were "shown to the jury without . . . a limiting instruction." *Id.* Further, in *Moore*, we never actually decided that the rap lyrics were unfairly prejudicial—or inadmissible. *Id. See also United States v.*

*Rembert*, 851 F.3d 836, 839-40 (8th Cir. 2017) (affirming the admission of a video that included foul language from rap lyrics). Holt has not shown that the district court abused its discretion in admitting the Facebook content.

We next review the district court's sentencing decision.[2] For this review, "we first ensure that the district court committed no significant procedural error," such as "failing to consider the § 3553(a) factors" or "failing to adequately explain the chosen sentence." *United States v. King*, 898 F.3d 797, 809 (8th Cir. 2018). If there was no significant procedural error, we then review whether the district court abused its discretion by imposing a substantively unreasonable sentence. *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009).

Holt alleges that the district court, when sentencing him, did not adequately consider "the hard time of his lengthy custody in the county jail system" during COVID-19 and the "extended uncertainty" he experienced while awaiting trial and sentencing. We disagree. Holt raised these mitigation arguments in his sentencing memorandum and at the sentencing hearing. The district court stated that it had received the sentencing memorandum and that it had "been keeping in mind" a "wide variety of circumstances" in determining Holt's sentence, including his background and "all of the circumstances of this offense." The district court then provided a detailed rationale for its sentencing decision, including discussion on Holt's detention in county jail. "Thus, the district court was aware of [Holt's] arguments, and we therefore presume that the district court considered . . . them." *United States v. Masood*, 133 F.4th 799, 809 (8th Cir. 2025).

Further, the district court's detailed explanation for its sentencing decision was procedurally adequate. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). "[N]ot every reasonable argument

---

[2]The parties dispute whether Holt preserved his objections at sentencing. We assume without deciding that Holt preserved his objections.

advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). Instead, the district court need only "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for" its sentencing decision. *See Rita*, 551 U.S. at 356 (2007). The district court has done so here.

The district court's sentencing decision was also substantively reasonable. A sentence within the advisory sentencing guidelines range, like Holt's, is presumptively reasonable. *See King*, 898 F.3d at 810. Here, the district court carefully considered the 18 U.S.C. § 3553(a) factors and reached a sentence that "balances some of [the] really severe facts with a lot of the real mitigation and work that [Holt has] done." "The district court has wide latitude to weigh the § 3553(a) factors in each case . . . ." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Holt's disagreement with how the district court weighed the mitigating factors does not justify reversal. *See id.* Therefore, the district court did not abuse its discretion in sentencing Holt.

### III. Conclusion

We therefore affirm.

_____