# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1234
_____

United States of America,

*Plaintiff - Appellee,*

v.

Robert Wilburn,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

_____

Submitted: November 21, 2025
Filed: April 3, 2026

_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.

_____

COLLOTON, Chief Judge.

A jury convicted Robert Wilburn of unlawful possession of a firearm and ammunition as a felon. *See* 18 U.S.C. § 922(g)(1). The district court[*] sentenced him

_____

[*]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

to 100 months' imprisonment. On appeal, Wilburn challenges evidentiary rulings and the sufficiency of the evidence to sustain his conviction. We affirm.

## I.

On March 15, 2022, a sheriff's deputy responded to a call reporting hazardous driving and found a black Chevrolet Camaro parked partially off a roadway with its hazard lights flashing. Wilburn appeared to be asleep in the driver's seat, and there was an open beer can in the center cup holder. The deputy roused Wilburn and smelled alcohol and marijuana on Wilburn's person.

The deputy detained Wilburn and searched the Camaro. He found a loaded handgun on the driver's side in plain view next to the center console. The vehicle was registered to Samira Swift, and records showed that Swift had purchased the firearm on March 4, 2022. The deputy also found a box of ammunition in the center console and an extra magazine in the glove compartment. Wilburn was a twice-convicted felon; he had been convicted in 2021 of unlawful possession of a firearm as a felon in 2018.

A grand jury charged Wilburn, and the case proceeded to trial. The government gave notice of its intent to present evidence of Wilburn's 2021 conviction under Federal Rule of Evidence 404(b) to prove his knowledge and intent to possess a firearm on March 15, 2022. The district court ruled that the evidence was admissible. The district court also admitted the government's evidence that Wilburn was released on parole the day before Swift purchased the firearm.

A jury found Wilburn guilty, and the court sentenced him to a term of 100 months' imprisonment.

II.

A.

Wilburn asserts first that the district court erred in admitting, under Federal Rule of Evidence 404(b), his 2021 Mississippi conviction for unlawful possession of a firearm by a felon. The government sought to introduce the conviction as evidence of Wilburn's knowledge or intent to possess the firearm, and the court admitted it. We review the district court's decision for abuse of discretion. *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008).

Rule 404(b) prohibits the admission of a defendant's prior bad acts to prove his character in order to show that on a particular occasion he acted in accordance with the character. But the rule permits such evidence for other purposes, such as proving intent or knowledge. "The evidence must be (1) relevant to a material issue raised at trial, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect." *United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019).

The district court correctly acknowledged circuit precedent holding that evidence of a defendant's prior conviction for unlawful possession of a firearm is relevant to a defendant's knowledge and intent to possess a firearm on a later occasion. *See United States v. Harrison*, 70 F.4th 1094, 1097-98 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 869 (2024); *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011); *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006); *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005). The court thought these decisions did not leave "much wiggle room" to sustain Wilburn's objection. Of course, this court's decisions finding no abuse of discretion by prior district courts do not mandate that

a district court admit evidence of a prior conviction in every case; the evidence is still subject to case-by-case evaluation that balances probative value and prejudice under Rule 403. But the district court here admitted the evidence and apparently concluded that the probative value of Wilburn's prior conviction was not substantially outweighed by a danger of unfair prejudice. Even so, the district court saw fit to volunteer that this court's decisions on Rule 404(b) are "wrong," that the judge did not "really understand why the Eighth Circuit has decided the cases this way," and that "this is a good issue to bring up to them" for potential "en banc rehearing."

We conclude that the district court did not abuse its discretion in admitting evidence of Wilburn's prior conviction. Wilburn's defense posited that he was merely present in Swift's car, without knowledge of the firearm and ammunition, when the deputy found him in the vehicle with the evidence. "A 'mere presence' defense, by definition, challenges the prosecution's proof on the mental element of the charged offense, and places the defendant's knowledge and intent at issue." *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009). Evidence of Wilburn's prior conviction for unlawful possession of a firearm was relevant to prove his knowledge of the firearm in the car and his intent to possess it.

Wilburn nonetheless maintains that the evidence was impermissible "propensity evidence" that should have been excluded. This court has rejected the same argument many times for good reason. Evidence that Wilburn was convicted in 2021 for unlawfully possessing a firearm was relevant to his knowledge and intent in 2022, because it is unlikely that the same outcome occurs multiple times purely by coincidence. 1 Robert P. Mosteller et al., *McCormick on Evidence* § 190.4, at 1155-59 (8th ed. 2020). The evidence is relevant to knowledge because there is a "likelihood that repeated instances of behavior, even if originally innocent, will have resulted in defendant's having the requisite state of knowledge by the time of the charged crime." 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 404.22,

-4-

at 404-135 (Mark S. Brodin, ed., Matthew Bender 2d ed. 2025). This reasoning "clearly differs from the usual propensity chain of inferences," because it does not rely on the proposition that Wilburn was simply predisposed to possess a firearm unlawfully. *McCormick on Evidence* § 190.4, at 1158-59. Rather, the evidence supports an inference that "either the defendant is remarkably unlucky or he is the cause of the events." *Id.* at 1159; *see United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007) (admissibility of prior conviction does not require "inference of bad character or criminal disposition" but rather "rests on a logic of improbability that recognizes that a prior act involving the same knowledge decreases the likelihood that the defendant lacked the requisite knowledge in committing the charged offense"); *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997) (evidence of prior act is "useful as reducing the possibility that the act in question was done with innocent intent" based "purely on the doctrine of chances") (quoting John Henry Wigmore, *Wigmore on Evidence*, § 302, at 245 (James H. Chadbourn rev. 1979)); *United States v. Beechum*, 582 F.2d 898, 913 (5th Cir. 1978) (en banc) (prior offense is relevant "to an issue other than propensity because it lessens the likelihood that the defendant committed the charged offense with innocent intent").

The prior conviction is also evidence of conduct that is "similar in kind" to the crime charged. The prior conduct was identical to the charged conduct, and Wilburn sustained the conviction just the year before the offense conduct in this case. Any danger of unfair prejudice did not substantially outweigh the probative value of the evidence. The court admitted only the fact and date of the prior conviction, without the surrounding circumstances, and gave a limiting instruction to the jury about use of the evidence. Wilburn's prior conviction satisfies the test for admissibility under Rule 404(b), and the district court did not abuse its discretion.

B.

Wilburn next argues that the district court abused its discretion by admitting testimony that he was released on parole on March 3, 2022. He argues that the testimony is irrelevant to whether he knowingly possessed the firearm or ammunition, and that it is unduly prejudicial "given that the jury may have been perturbed" that Wilburn was arrested shortly after his release on parole. Wilburn also implies that his parole date has minimal probative value because he was released from home confinement and intensive supervision, rather than from a prison facility, and he was thus already "out in the free world" before the release.

Wilburn understates the probative value of the disputed evidence. Although he was not released on parole from a prison facility, he had been confined to his residence with an ankle monitor and was permitted to leave the residence only with "special permission for employment or something else." Wilburn's release on parole removed these conditions, and his freedom thus increased substantially on the day before Swift purchased the firearm. A reasonable jury could find that this timing increased the probability that Swift purchased the firearm for Wilburn—a fact that would help to prove Wilburn's knowledge or intent to possess the firearm and ammunition at the time of the seizure. There was little risk of unfair prejudice from testimony that Wilburn was on parole because the jury elsewhere received evidence that he was convicted of a felony in 2021. The court thus did not abuse its discretion in allowing the evidence.

C.

Wilburn also argues that there is insufficient evidence to sustain his conviction. We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict and accepting all reasonable inferences that support the

verdict.  *United States v. Griffith*, 786 F.3d 1098, 1102 (8th Cir. 2015).  Wilburn argues that the gun belonged to Swift, and that the government failed to prove that he knowingly possessed the firearm or ammunition.  He maintains that the only evidence linking him to the firearm and ammunition is "the fact that he was passed out in [Swift's] car where her firearm and ammunition were discovered."

We conclude that the evidence was sufficient to support the jury's verdict. Wilburn relies on Swift's exculpatory testimony at trial that she secreted the firearm and ammunition in the car without Wilburn's knowledge.  But the sheriff's deputy testified that the firearm was found in plain view on the driver's side of the vehicle. The jury was entitled to credit the deputy's testimony and to infer that Wilburn knew about the gun.  Wilburn's previous unlawful possession of a firearm and the timing of Swift's purchase further support the jury's verdict.

The judgment of the district court is affirmed.

_____